MEMORANDUM *
Petitioner Brian Babinski is facing a civil commitment trial pursuant to California’s Sexually Violent Predator Act. He appeals from an order of the district court dismissing his habeas petition on abstention grounds under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We affirm.
A federal court may intrude into a pending state proceeding “when absolutely necessary for protection of constitutional rights,” but only under “extraordinary circumstances, where the danger of irreparable loss is both great and immediate.” Id. at 45, 91 S.Ct. 746.
Babinski has not established that his case fits within that narrow exception. Although there has been a substantial passage of time, he disclaims reliance upon an argument that the state process has been too slow. His analogy to a double jeopardy claim is unpersuasive. There is nothing inherently improper about a civil com-mittment proceeding following a criminal conviction. SVP proceedings are civil in nature and do not implicate double jeopardy concerns. See Kansas v. Hendricks, 521 U.S. 346, 361, 369-70, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). Any discomfort the SVP trial may cause Babinski is not irreparable injury for this purpose. See, e.g., Younger, 401 U.S. at 46, 91 S.Ct. 746 (“[T]he cost, anxiety, and inconvenience of having to defend against a ... criminal prosecution, could not by themselves be considered ‘irreparable’ in the special legal sense.... ”).
*619 Babinski’s objection is not actually aimed at the SVP proceeding itself, but rather concerns the possibility that his 1987 conviction might be used in the SVP proceeding to produce an adverse result. It is not certain, however, that the SVP proceeding will in fact come to such a result or that, if it does, it will rely upon the 1987 conviction. Moreover, there is no reason why the state courts are incapable of dealing with Babinski’s objections to reliance upon that conviction, either at the trial court level or on appeal. Because the SVP proceeding itself does not violate Ba-binski’s rights, Younger abstention is appropriate.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.